## 12240.  MATHER BROTHERS *v.* MOUNT AIRY MANTEL & TABLE COMPANY.

When a proposal to sell goods is made by letter, an unconditional acceptance by a written reply takes effect from the time when the communication containing the acceptance is sent; and from that time on the proposal so accepted is binding. See *Phinizy* v. *Bush*, 129 *Ga.* 479 (4) (59 S. E. 259), and cases cited. Civil Code (1910), §§ 4230, 4231.

DECIDED JUNE 14, 1921.  REHEARING DENIED JULY 12, 1921.

Complaint; from Cobb superior court — Judge Blair. January 15, 1921.

Application for certiorari was denied by the Supreme Court.

Mount Airy Mantel & Table Company, manufacturer of furniture, sued Mather Brothers, a partnership dealing in furniture, upon an account for furniture sold to the defendants. The defendants attempted in their plea and by their evidence to set off damages by reason of an alleged breach of contract for the sale and shipment of other furniture to them by the plaintiff. It was contended on the part of the plaintiff that there was no such contract. The court, at the conclusion of the evidence, directed a verdict in favor of the plaintiff for the amount sued for. The defendants moved for a new trial, the motion was overruled, and they excepted.

*Anderson & Roberts*, for plaintiffs in error.

*J. Z. Foster, Herbert Clay, J. Glenn Giles*, contra.

LUKE, J. The controlling question presented for determination here is whether or not the following letters and telegram make an enforceable contract for the purchase and sale of goods. On May 16, 1919, Mount Airy Mantel & Table Company offered for sale certain center and extension tables to Mather Brothers. The letter containing the offer was as follows: " Your favor of 12th received. We mailed you an order yesterday, and now if you want some center tables and ex. tables [extension tables], send us your order and we will leave the same price open for a few days only, although we are selling our entire list now at November 1st price list." Immediately upon receipt of this letter, on May 19, 1919, Mather Brothers telegraphed to Mount Airy Mantel & Table Company as follows: " Ship us twelve only fifty four inch plain quartered number one and twenty four only forty eight inch plain quartered number one twenty four only forty five inch quartered number fourteen twenty four only for-

ty five inch quartered number seventy six fifty only forty five inch plain number seventy six twenty only forty five inch plain fumed number fourteen thirty only forty two inch plain fumed number fourteen one plain only forty two inch plain number seventy six sixty only forty two inch plain number fourteen twelve dozen number thirty eight plain twelve dozen number thirty eight quartered your list November 1st twenty off this is acceptance your proposition May 16." Following this telegram and on the same day, May 19, 1919, Mather Brothers wrote to Mount Airy Mantel & Table Company as follows: "We are sending you an order by wire in acceptance to your proposition of May 16, which we hope will be satisfactory. Kindly advise when you can ship." In response to the telegram of May 19, Mount Airy Mantel & Table Company mailed the following invoice or memorandum showing the purchase of the goods ordered in the telegram to Mather Brothers:

"Mount Airy Mantel & Table. Co., May 19, 1919. Ship to Mather Bros. At Austell, Ga. Salesman Mail. Terms 20%, 30 days, ck. settlement.

| | | | | |
|---|---|---|---|---|
| 12 # 1 ex | 6-54 sta-plank | | 27.00 | 324.00 |
| 24 # 1 ex | 6-48 " " | | 23.50 | 564.00 |
| 24 # 14 ex | 6-45 " " | | 13.50 | 324.00 |
| 24 # 16 ex | 6-45 " " | | 13.50 | 324.00 |
| 50 # 76 ex | 6-45 plain | | 11.50 | 575.00 |
| 20 # 14 ex | 6-45 plain f. o. | | 11.50 | 230.00 |
| 30 # 14 ex | 6-42 plain f. o. | | 11.00 | 330.00 |
| 1 # 76 ex | 6-42 plain | | 11.00 | 11.00 |
| 60 414 ex | 6-42 plain | | 11.00 | 660.00 |
| 12 doz. # 38 center tables, plain | | | 26.00 | 312.00 |
| 12 doz. # 38 center tables, sta. | | | 29.00 | 348.00 |
| | | | | 4002.00." |

Do the communications quoted above make a binding contract? Have the parties consented to the contract, and have they each assented to all the terms of the contract? Was there a proposition to sell the goods ordered in the letter of May 16, and was the telegram such an acceptance of the proposition as to bind the parties? The Civil Code (1910), § 4231, referring to contracts

the acceptance by written reply takes effect from the time it is sent, and not from the time it is received; hence the proposer cannot withdraw in the mean-time." We are of the opinion that the letter of May 16 submitted a proposition for the sale of goods at a certain price, that the telegram was an unqualified acceptance of the proposition, and that by the sending of the invoice in response to the telegraphic order of acceptance, Mount Airy Mantel & Table Company assented to the acceptance of the offer to sell. There is, by reason of these writings, a mutual assent of the parties to the same thing in the same sense. The letter of May 16 submitted property for sale at a certain price with a certain discount. The telegram was an acceptance of the proposition. The seller submitting the offer of sale indicated its full understanding of its proposition to sell, and of the unequivocal acceptance of the offer to purchase, by, immediately upon receiving the telegram, sending an invoice or memorandum of the goods ordered by the telegram. The telegram accepting the proposition was an acknowledgment of the receipt of the proposition, the memorandum or invoice sent by Mount Airy Mantel & Table Company to Mather Brothers ·upon receipt of the telegram was an acknowledgment of its receipt and an assent to the contract. There was nothing else necessary to be done by either of the parties to make a binding contract with respect to the sale and purchase of these goods.

There are letters in this record which were written subsequently to the contract, the wording of which is convincing that the minds of the parties met and that there was a mutual assent in the same sense to the same thing. These letters fortify the position that we take. There are letters in this record written some time subsequently to May 19, which indicate that Mount Airy Mantel & Table Company intended to comply with the contract. There are a great many other letters which have to do with other transactions between the parties to this case, but are not material to the question as to whether there was a binding contract between the parties.

Inasmuch as the record in this case is narrowed to a determination of the question as to whether the letters and telegram hereinbefore referred to made a binding contract, it becomes unnecessary to deal with other letters or to discuss the testimony of

the parties litigant. When the court construes the writings here-inbefore quoted to be a binding contract between the parties, then the case may be tried in accordance with the pleadings, and the legal rights of the parties be determined so as to give effect to such rights as may have accrued to Mather Brothers by reason of a breach of the contract, if there was a breach, by Mount Airy Mantel & Table Company.

The alleged errors not dealt with above are not likely to recur upon another trial.

For the reason that the court erred in not construing the proposition to sell and the acceptance thereof to make a complete and binding contract, it was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*